# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STEPHEN LEONARD GUARDINO, JR.,**

> **Plaintiff,**

**v.**                                                  **Case No:  6:18-cv-1502-Orl-41GJK**

**CITY OF DELAND, FLORIDA,**

> **Defendant.**

---

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| |
|---|
| **MOTION:**    **MOTION FOR SUMMARY JUDGMENT (Doc. No. 21)** |
| **FILED:**       **December 12, 2018** |
| --- |
| **THEREON** it is recommended that the motion be **DENIED**. |

On December 12, 2018, Plaintiff filed a Motion for Summary Judgment (the "Motion").

Doc. No. 21.  The Motion does not contain any supporting affidavits or refer to any evidence in

the court file. *Id.* This case was commenced on September 12, 2018, Doc. No. 1, and the parties

have not submitted a case management report. On January 8, 2019, Defendant filed a response to

the Motion, stating that it "has had no opportunity to conduct any discovery into this matter as the

pleadings are not yet closed and formal discovery has not yet been initiated." Doc. No. 24 at ¶ 9.

Summary judgment is appropriate only "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking

summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. *Liberty Lobby, Inc.,* 477 U.S. at 257; *see* Fed. R. Civ. P. 56(c). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). In resolving a summary judgment motion, the Court must view the record evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam). Additionally, "the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997).

The Motion is largely nonsensical, referring to Plaintiff being falsely imprisoned outside of a public park's borders and to allegedly graphic images of the park on Google Earth. Doc. No. 21 at 1-2. Plaintiff fails to establish that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. Further, Defendant has not had an opportunity to complete discovery.

Accordingly, it is recommended that the Motion (Doc. No. 21) be **DENIED**.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the

- 3 -

district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on February 26, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties