UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**STEPHEN LEONARD GUARDINO, JR.,**

      **Plaintiff,**

v.                                          Case No:  6:18-cv-1502-Orl-40GJK

**CITY OF DELAND, FLORIDA,**

      **Defendant.**

REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** DEFENDANT CITY OF DELAND, FLORIDA'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND MEMORANDUM OF LAW (Doc. No. 20)
>
> **FILED:** December 5, 2018
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On November 26, 2018, Plaintiff Stephen Leonard Guardino, Jr., appearing pro se, filed what appears to be an amended complaint (the "Amended Complaint") against Defendant City of Deland. Doc. No. 15. Plaintiff states that he was sleeping in Painters Park at 11:40 a.m. and that a City of Deland police officer accused him of sleeping and asked him for identification. *Id.* at 4. Attached to the Amended Complaint is the Field Contact Card Case No. 32785 (the "Contact Card"). *Id.* at 6. The Contact Card is signed by the Deland police officer and states that Plaintiff was sleeping on a park bench, which is a city ordinance violation, and the officer asked Plaintiff to move along. *Id.* The Amended Complaint also contains allegations that Google Earth has graphic images of the park. *Id.* at 4. In the Amended Complaint, Plaintiff references the Fifth and

Eighth Amendments. *Id.* at 3-4. Plaintiff states that the amount in controversy is ten million dollars. *Id.* at 4.

On December 5, 2018, Defendant filed a motion to dismiss the Amended Complaint (the "Motion"). Doc. No. 20. Defendant argues, among other things, that Plaintiff does not allege any facts demonstrating a violation of either his Fifth or Eighth Amendment rights. *Id.* at ¶¶ 7, 8. Plaintiff did not file a response to the Motion.

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. To survive a motion to dismiss made under Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). A claim is plausible on its face when the plaintiff alleges enough facts for the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere legal conclusions or recitation of the elements of a claim are not entitled to an assumption of truth. *Twombly*, 550 U.S. at 555. After eliminating such conclusions, district courts must assume the veracity of any remaining well-pleaded factual allegations. *Id.* Courts must also view the complaint in the light most favorable to the plaintiff and resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Plaintiff is proceeding pro se and, while pro se pleadings must be liberally construed, *Berkery v. Kaplan*, 518 F. App'x 813, 814 (11th Cir. 2013), a pro se plaintiff "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Plaintiff fails to allege a claim under either the Fifth or the Eighth Amendment. Reading the Amended Complaint liberally, Plaintiff alleges that he was accused of sleeping in a public park

in violation of a city ordinance by Defendant's police officer and was asked "to move along." Doc. No. 15 at 4, 6. Plaintiff does not state any harm he suffered from these actions or explain how these actions violate his constitutional rights.

The Amended Complaint contains allegations regarding graphic images of the park. Doc. No. 15 at 4. It appears that Plaintiff is attempting to assert claims based on these allegations. These allegations are "fanciful," "fantastic," and "delusional," thus rendering them frivolous. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Any claims based on these allegations should therefore be dismissed and not repeated in a second amended complaint. 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly, it is **RECOMMENDED** as follows:

1. That the Motion (Doc. No. 20) be **GRANTED**; and

2. That the Amended Complaint be **DISMISSED WITHOUT PREJUDICE** for Plaintiff to file a second amended complaint.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on February 26, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Unrepresented Parties
Counsel of Record